IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |  | |
|---|---|---|---|
| WADE POE, | § | | |
| BOP Register No. 47888-074, | § | | |
| | § | | |
| Petitioner, | § | | |
| | § | | |
| V. | § | No. 3:20-cv-101-S-BN | |
| | § | | |
| K. ZOOK, Warden, | § | | |
| | § | | |
| Respondent. | § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Wade Poe, a federal prisoner at a facility in this district, filed a *pro se* 28 U.S.C. § 2241 habeas petition, asserting that the Bureau of Prisons ("BOP") improperly considered his request for release to home confinement, under 18 U.S.C. § 3642(c)(2), as amended by the First Step Act, and, by doing so, the BOP violated his right to due process. *See* Dkt. No. 3. Poe's case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. Poe paid the filing fee. As ordered, *see* Dkt. No. 5, the government responded to the petition and opposes relief, *see* Dkt. Nos. 7 & 8. And Poe filed a reply brief. *See* Dkt. No. 9.

"On October 30, 2015, [the United States District Court for the Eastern District of Tennessee] entered a judgment against [Poe] for one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). [He] did not file an appeal of this conviction," and district court denied his motion to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255 as untimely. *Poe v. United States*, Nos. 3:14-CR-118-TAV-HBG-1, 3:17-CV-467-TAV, 2018 WL 3574927 (E.D. Tenn. July 25, 2018). Poe, currently incarcerated at FCI Seagoville, is scheduled to be released on January 25, 2021.

To begin, the government argues that Poe has not exhausted his administrative remedies. *See* Dkt. No. 7 at 6-8. That may be true. But Poe is also not entitled to relief on the merits of his petition.

First, even after passage of the First Step Act and, subsequently, federal legislation in response to the COVID-19 pandemic, a federal court still lacks authority to order that the BOP place a federal prisoner in home confinement.

> It is important to distinguish between the [Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136], on the one hand, and [18 U.S.C.] § 3582 as amended by the First Step Act on the other. The CARES Act was the federal government's comprehensive response to the COVID-19 crisis and certain provisions addressed the release of eligible inmates in the prison population. The CARES Act expanded the [BOP's] authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.
>
> *United States v. Depron*, Crim. A. No. 14-59, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020).
> But neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement. *See id.* (noting that even under § 3642(c)(2), as amended by the CARES Act, "home confinement determinations rest with the BOP").

*United States v. Miller*, No. 2:17-cr-15-D (02), 2020 WL 2514887, at *2 (N.D. Tex. May 15, 2020) (citation modified; citation omitted); *see also, e.g., Brown v. Underwood*, No. 3:19-cv-1706-B-BN, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019) ("The decision whether – and, if so, for how long – to place an inmate in a residential reentry center

- 2 -

('RRC') – a halfway house – is committed to the BOP under statutory authority. And the First Step Act did not alter this commitment. For these reasons, it plainly appears that Brown is not entitled to habeas relief based on his alternative request for judicially-imposed placement in a halfway house." (citations omitted)), *rec. accepted*, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019).

But it appears that Poe's habeas challenge may be broader in scope. He seems to be challenging the way the BOP considered his request for release to a halfway house or home confinement under amended Section 3624(c)(2):

> Ms. Ruiz, the Case Manager assigned to Mr. Poe, submitted a request to the Regional Reentry Manager based in Nashville, TN in which she applied for halfway house and home confinement for Mr. Poe to the maximum extent to which he was eligible.
> The RRM rejected both portions of the application because the halfway house in Nashville does not allow sex offenders to reside there because of registration requirements in Tennessee, and the BOP refused further consider Mr. Poe's home confinement where it prefers to place inmates in halfway houses first instead of directly on home confinement.
> Mr. Poe contends that the amended language requires, by using the word "shall," that the BOP place Mr. Poe on home confinement for the maximum extent to which he is entitled under the law, and that consideration for such placement should be assessed separately from his eligibility for halfway house placement.
> That by failing to consider his petition for home confinement properly under the new law, the BOP deprived Mr. Poe of his due process under the law.

Dkt. No. 3 at 6.

"To establish a due process violation, a prisoner must show that he was deprived of a liberty interest protected by the Constitution or other law," *Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). And "the law is clear that a prisoner has no constitutional

right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another." *Lee v. English*, No. 19-3029-JWL, 2019 WL 3891147, at *9 (D. Kan. Aug. 19, 2019) (collecting cases). This includes confinement at a halfway house (or RRC) – or confinement at home. *See, e.g., Carey v. Quintana*, No. 5:19-30-JMH, 2019 WL 1233846, at *2 (E.D. Ky. Mar. 15, 2019) ("'RRC placement and home confinement are helpful resources for readjustment to society, but a prisoner does not have a constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement.'" (quoting *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016))).

"The statutory provisions addressing home confinement instead require the BOP to consider the possibility of home incarceration only 'to the extent practicable.' *See* 18 U.S.C. § 3624(c)(1). And, ultimately, the decision is 'discretionary and will be determined on an individual basis according to the factors in 18 U.S.C. § 3621(b).'" *Id.*; *see also Beaird v. Brown*, No. 3:07-cv-2077-B, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) (Even after its amendment by the First Step Act, "[t]here is no mandatory language in [Section 3624(c)] that requires prison authorities to allow prisoners to serve part of their sentence on home confinement. ... There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment." (citation omitted)); *cf. id.* at *3 n.2 (observing that BOP Program Statement 7320.01 "merely establishes procedures and eligibility requirements for the referral and placement of pre-release inmates in home confinement programs"

and that "[n]othing in the policy statement mandates prison authorities to transfer an inmate to home confinement"); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* [and the BOP by delegation] the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief." (emphasis in original)).

That Poe has no constitutionally protected interest in release to a halfway house or home confinement is enough to end the Court's consideration of this petition. *See, e.g., Teer v. Zook*, No. 3:20-cv-735-S-BN, 2020 WL 2145376 (N.D. Tex. Apr. 1, 2020), *rec. accepted*, 2020 WL 2145337 (N.D. Tex. May 4, 2020). But, in opposing habeas relief, the government provides ample evidence that the BOP considered these possibilities with respect to Poe. *See* Dkt. No. 8 at 3-6 (Declaration of Stefanie Ruiz, Poe's case manager), ¶¶ 6-11. That is all that was required.

## Recommendation

The Court should deny the 28 U.S.C. § 2241 petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE